A. D. JACKSON v. THE STATE.

No. 119.    Decided December 1, 1909.

**1.—Local Option—Sale—Contract—Requested Charge.**

Upon trial for a violation of the local option law there was no error in the court's refusal of a requested instruction that the alleged sale must be based upon a contract, as a sale made by implication or the passage of the property with intent to sell is sufficient.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, there appeared no bill of exceptions in the record to the evidence complained of, there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain a conviction, there was no error.

Appeal from the County Court of Trinity. Tried below before the Hon. C. J. Hinson.

Appeal from a conviction of the local option law; penalty, $25 and twenty days confinement in the county jail.

The evidence for the State was that two of the prosecuting witnesses met defendant, and that one of them took him aside and asked him for some whisky; that defendant said he had none, and was not selling whisky, but could probably get some for them; that the two witnesses and defendant then walked off together and then separated, and one of the witnesses got some change and went to defendant's buggy and put two twenty-five cent pieces, one for himself and one for the other witness, on the seat of said buggy, and got a pint of whisky out of defendant's buggy, and the two witnesses then went away and drank the whisky; that the defendant was not seen near his buggy at that time; that the money was left on the seat of the buggy.

The sheriff testified for the State that he had the defendant sworn on the day of the alleged sale, and before he met the other two State's witnesses, to find out where he had bought a bottle of whisky which he had in his pocket, and which the sheriff handed back to him, shortly before defendant met the other two State's witnesses. Neither of the witnesses saw the defendant get the money that was left in the buggy.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, and *J. A. Platt,* County Attorney of Trinity County, for the State.—On question of sale: Robinson v. State, 53 Texas Crim. Rep., 563, 110 S. W. Rep., 907.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

1. Appellant requested the following special charge, which was refused: "You are instructed that you must believe from the evidence beyond a reasonable doubt that the defendant and the witness Crow made a contract, by which defendant sold and delivered to said Crow intoxicating liquor or you must acquit the defendant. You are further instructed that it is not sufficient that the said Crow got a bottle of whisky and left fifty cents, unless there was a prior agreement that the sale should be made in that form." This charge is incorrect. A sale may be made by implication as well as by direct contract, therefore no words are necessary to constitute any transaction a sale, the passage of the property with intent to sell being sufficient.

2. Appellant objects to the testimony of the witness J. C. Atkinson, but there is no bill of exceptions reserved to this and, therefore, this question cannot be reviewed.

3. The only other question in the record is the sufficiency of the evidence. The evidence is amply sufficient to support the verdict. The charge of the court is in no other respect criticised.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*